**MANPOWER, INC., Plaintiff,**

**v.**

**TEMPORARY HELP OF HARRISBURG, INC., also known as Temporary Help, Inc., Defendant.**

**Civ. A. No. 31719.**

United States District Court
E. D. Pennsylvania.

Oct. 12, 1965.

David O. Maxwell, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., Andrus & Starke, Milwaukee, Wis., for plaintiff.

No appearance for defendant.

GRIM, District Judge.

### FINDINGS OF FACT

1. Plaintiff, Manpower, Inc., is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in Milwaukee, Wisconsin.

2. Defendant, Temporary Help, of Harrisburg, Inc., also known as Temporary Help, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania and formerly had a place of business in Harrisburg and one in Philadelphia, Pennsylvania. Defendant resides in the Eastern District of Pennsylvania.

3. This action arises under the Copyright laws of the United States (Title 17 U.S.C.) and the infringing acts complained of occurred both at Harrisburg and at Philadelphia within the Eastern District of Pennsylvania.

4. Plaintiff is in the business of furnishing temporary help to businesses of all kinds. It has offices in many cities of the United States and of many countries throughout the world, and has maintained an office in Philadelphia since about 1951.

5. A certain amount of plaintiff's business arises in supplying replacement temporary help during vacation periods for offices and businesses of all kinds.

6. During the years here involved, 1958 to 1960, plaintiff prepared and distributed each year a piece known as a Vacation Schedule for the convenient use of its customers and others in recording vacation times of their workers.

7. In the year 1958 plaintiff published two such vacation schedules, one for the period of January through June, and the other for the period of May through December. Both of these bore the copyright notice designating plaintiff as the owner of the copyright. Pieces identified as G–240 and G–251, which are exhibits P–6 and P–7, respectively.

8. In 1958, Mr. Robert Campbell, who is President of defendant, was employed by plaintiff as a commission salesman. Mr. Campbell left plaintiff's employ late in 1958 and organized defendant corporation which entered into business at Harrisburg and later at Philadelphia in competition with plaintiff.

9. Plaintiff published a new vacation schedule in 1959 and another in 1960, both of which were duly copyrighted by plaintiff. Pieces identified as G–243 and G–303, which are Exhibits P–4 and P–1, respectively.

10. Both the G–243 and G–303 schedules were authored under the "employees for hire" doctrine of Section 26 of Title 17 U.S.C. and contained large amounts of material wholly original with plaintiff and which constituted copyrightable subject matter under the laws of the United States.

11. Both the G–243 and G–303 schedules bore the copyright notice, and the copyright thereon was duly recorded in the United States Copyright Office and Certificates of copyright issued therefor. Reg. No. A–391533 dated May 21, 1959, and Reg. No. A–567770 dated June 7, 1962.

12. Both the G–243 and G–303 schedules contained art work and arrangements original with plaintiff and for which the copyright secured the exclusive rights and privileges of copyright to plaintiff.

13. In 1962 defendant published a vacation schedule (Ex. P–3) which is a complete copy of the G–303 (Ex. P–1) schedule of plaintiff with the exception of a substitution of the name of defendant for that of plaintiff thereon, with a correspondent change in address and offices, and leaving off the copyright and G–303 markings and about two paragraphs describing the company and which were not applicable to defendant. All of the art work was copied by defendant.

14. Defendant was represented by counsel until all pre-trial matters were completed and after which defendant's counsel withdrew, and defendant was not present and was not represented by the trial of the case.

15. At the trial plaintiff put into the record the deposition of James D. Scheinfeld and Mary O'Rourke and also the Interrogatories of plaintiff and answers thereto by defendant, and portions of the testimony given by Robert Campbell, President of defendant, by deposition.

16. In the pleadings defendant denies: (1) the incorporation of plaintiff, (2) the authorship, originality, ownership, copyrightability, and publication by plaintiff of both the G–303 and G–243 vacation schedules.

17. Plaintiff has placed on record in this case a certified copy of its Certificate of Incorporation and of amendments thereto which establish that it is a corporation duly organized under the laws of the State of Delaware.

18. Plaintiff has placed of record the original Registration Certificates No. A–391533 and No. A–567770 showing that the copyright for the G–243 and G–303 vacation schedules were duly recorded in the Copyright Office. Such Certificates constitute a prima facie showing of authorship, originality, ownership, copyrightability and publication by plaintiff. In addition to this the testimony of plaintiff's witnesses taken by deposition establishes authorship, originality, ownership and publication as required by the copyright laws. Defendant's President, Robert Campbell, admitted authorship in Plaintiff when adversely examined.

19. Defendant further denies in its pleading that plaintiff has placed the copyright notice upon all copies of the copyrighted G–243 and G–303 vacation schedules.

20. The testimony of both James D. Scheinfeld and Mary O'Rourke as given in their depositions appears to establish that plaintiff duly published both the G–243 and G–303 vacation schedules as stated in the copyright Certificates, and that all copies printed and distributed by plaintiff contained the requisite copyright notice.

21. Plaintiff has placed in the record copies of its two 1958 vacation schedules (Ex. P–6 and P–7) which were published in the period when Robert Campbell worked for plaintiff, and it appears that neither of these contained any art work or arrangements copied by defendant, and further that both contained a Notice of Copyright.

22. According to the testimony of plaintiff's witnesses taken by deposition, no vacation schedule other than Exhibits P–6, P–7, P–4 and P–1 were ever published by plaintiff in the years 1958, 1959 and 1960.

23. Defendant has made no record and has wholly failed to establish any of its alleged defenses.

24. This Court finds that both G–243 and G–303 vacation schedules were published by plaintiff and distributed with the copyright notice on all copies, and these pieces were printed and published in full conformity with the provisions of the copyright Act of July 30, 1947 and all other laws governing copyright.

25. Defendant has failed to identify any alleged piece in the public domain which it copied, and from an examination of the infringing vacation schedule and vacation schedule G–303, it is obvious that defendant did in fact copy the original art work and arrangement of G–303.

26. Plaintiff has been and still is the sole proprietor of all right, title and interest in and to the copyrighted vacation schedules.

27. Defendant has copied and thereby infringed the plaintiff's copyrights for both the G–243 and G–303 vacation schedules.

28. Defendant, by the admission of its President, Robert Campbell, has printed and distributed at least three thousand copies of the infringing work, all to the damage of plaintiff.

29. Both plaintiff and defendant distribute vacation schedules to customers and prospective customers without charge and there are no direct profits or actual damages that can give a measure of recovery for the infringement.

30. Plaintiff has made no additional proof of damage and the usual statutory damages will be estimated based upon the printing and distribution of 3000 copies of the infringing work.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction and the venue is properly laid in this district, 28 U.S.C. §§ 1338 and 1400.

2. Plaintiff is the owner of copyright upon vacation schedules G–243 and G–303 evidenced by certificates of Registration No. A–391533 and A–567770, respectively.

3. Copyright Certificates No. A–391533 and A–567770 establish prima facie a valid copyright in plaintiff for the G–243 and G–303 vacation schedules, respectively, and constitute prima facie proof of authorship, originality, ownership, copyrightability, publication and notice as required by the copyright laws.

4. Plaintiff's copyright in vacation schedules G–243 and G–303 is valid and subsisting.

5. Defendant has infringed plaintiff's copyright upon vacation schedules G–243 and G–303 by copying the same and printing and distributing copies thereof.

6. Plaintiff is entitled to an award of damages under the statute based upon $1.00 per copy for 3000 copies of the infringing work for each copyrighted work infringed. 17 U.S.C. § 101(b).

7. Plaintiff is entitled to an injunction (17 U.S.C. § 101(a)) against further printing or distribution by defendant of the infringing vacation schedules (Ex. P–3) or any simulation thereof.